**Wei YE, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General,\* Respondent.**

No. 03–40458.

United States Court of Appeals, Second Circuit.

June 9, 2005.

Jim Li, New York, NY, for Petitioner.

Patricia Gaedeke, Assistant United States Attorney, Eastern District of Michigan (Craig S. Morford, United States Attorney, on the brief) Detroit, MI, for Respondent.

Present: McLAUGHLIN, STRAUB, and HALL, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition is DENIED.

Wei Ye, ("Ye"), a national of the People's Republic of China, entered the United States without permission in January 2001. Ye was detained at his point of entry, the Miami International Airport in Miami, Florida, and immediately requested asylum based principally upon alleged discrimination on account of forced sterilization suffered by his mother. Later that month the government charged Ye with removability. Ye conceded removability and in July 2001 applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Ye's applications were heard before Immigration Judge Paul L. Johnston ("IJ") who, on December 17, 2001, denied each of Ye's applications based principally upon the IJ's finding that Ye's claims of past persecution and fears of future persecution were based on his own incredible testimony. The IJ further found that Ye's application was frivolous.

Ye timely appealed to the Board of Immigration Appeals ("BIA"). In a *per curiam* Order, the BIA stated that it did not agree with the IJ's finding that Ye's application was frivolous but it nevertheless affirmed on the merits, citing in particular vast substantive discrepancies between Ye's January 2001 statements to entry officials and his hearing testimony. Ye now petitions us for review of the BIA's decision. We assert jurisdiction under 8 U.S.C. § 1252(b) and deny the petition.

We review the determination of facts reached by the IJ and the BIA for "substantial evidence," reversing "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Both the IJ and the BIA based their decisions principally upon credibility determinations. "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford particular deference in applying the substantial evidence standard, mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhang v. United States INS*, 386 F.3d 66, 73 (2d Cir.2004) (quotation and citations omitted). However, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review. The BIA must give specific, cogent reasons for rejecting the petitioner's testimony, and we will reverse where the adverse credibility determination is based upon speculation or upon an incorrect analysis of the testimony." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (quotation and citation omitted).

The BIA's credibility determination was based, in significant part, on disparities between Ye's statement given to officials at the Miami airport and his asylum application. Specifically, in January 2001 Ye claimed that he was leaving China to avoid discrimination aimed against him based upon his mother's having been sterilized by the State. In his asylum application, Ye sought relief based on past and fear of future persecution arising from his alleged participation in student agitation for democratic reform. In addition to this disparity, the IJ based his credibility determination on Ye's demeanor, on inconsistencies in Ye's description of his family's membership and their locations, and on Ye's claims that two of his siblings were born six

months apart and that one was born five years after Ye's mother was alleged to have been sterilized.

When making credibility findings "the BIA may not rely on an alien's airport interview where an examination of the record reveals that the alien's airport interview may not represent an accurate account of the persecution suffered by the alien in his home country. The airport interview is intended to provide the alien an opportunity to express his or her concerns about removal to his or her home country, a task that requires the alien simply to describe the facts or experiences upon which his or her fear is based, and the interview will usually provide a reliable record of the alien's basis for seeking asylum. Thus, the INS may rely on airport statements in judging an asylum applicant's credibility if the record of the interview indicates that it presents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire*, 357 F.3d at 179.

The airport statement implicated by the BIA's credibility determination contains a verbatim account of Ye's entry interview; the questions posed by the interviewing INS officer appear to have been genuinely aimed at providing Ye an opportunity to fully explicate the reasons he feared return to China and the agent was in no way irresponsible in failing to pose extensive follow-up questions; Ye does not appear to have been reluctant to answer the agent's questions and, while Ye asserts that he was nervous during the interview, he does not allege fear of the agent derived from past interrogations in China or elsewhere; and, finally, Ye was provided with an interpreter during the airport interview, and there is no indication from the record that Ye and the agent had difficulty communicating through the interpreter. In these circumstances we find no error in the IJ's or the BIA's relying upon the contents of the airport interview as a basis for measuring Ye's credibility. *See id.*, 357 F.3d at 180.

Particularly in light of the other bases provided by the IJ for his credibility finding, we further find no error in the BIA's determination that the gaps between Ye's airport statement and his hearing testimony were significant enough to warrant an adverse credibility finding precipitating a denial of his applications for asylum, withholding of removal, and CAT relief.

We have reviewed Ye's remaining arguments on this appeal and find each of them to be without merit. For the foregoing reasons the petition for review is DENIED.